IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

RECEIVED
NOV 29 2006
CLERK, U.S. ...
ANCHORAGE, ALASKA

AMADO ANDAYA PENALOZA
    DEFENDANT/PETITIONER  )
                                  )
VS.                           )
                                  )  CASE NO.: 1-05CRS-1
UNITED STATES OF AMERICA    )
    RESPONDENT              )  3:02-cr-00098 RRB
                                  )

DEFENDANT'S PETITION TO HAVE SUPERVISED
RELEASE VIOLATION HEARING UNDER FED. R.
CRIMINAL P. 32.1
HONORABLE JUDGE

**COMES NOW,** the Defendant-Petitioner, AMADO ANDAYA PENALOZA, herein after defendant, proceeding Pro-Se, requesting that this motion be filed, and held to less stringest standards that those done and file by Attorneys, as has been decided by the Supreme Court in. GROH VS. RAMIREZ, 540 U.S. 551, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004).

The Defendant pleaded guilty to Illegal Re-Entry into the UNITED STATES, AND WAS SENTENCED ON June 3, 2005, to imprisonment for 36 months to be followed by Two (2) years of supervised release, Defendant was released on February 6, 2004. The defendant is currently incarcerated for Re-Entry after deportation susequent to the commission of an aggravated felony. In this case, the situation is similar as VARGAS-AMAYA, 389, F. 3d 901-907 (9th Cir. 2004).

( 1 )

Due to the arrest and conviction in attachment "A", the Defendant has been told that there is detainer against his person for his supervised release violation. Please see attachment "B", the Defendant humbly requests from this U.S. District Court, to have a hearing and resolve any pending matter while defendant's incarceration, and presents his legal arguments to accomplish this goal.

## "LEGAL ARGUMENT"

The District Court has Jurisdiction under the Revised Organic Act, 48 U.S.C. § 1612, and under Virgin Islands Code Ann. Tit. 4 § 32. GOVERNMENT OF THE VIRGIN ISLAND VS. MARTINEZ, 239 F. 3d 293 (3rd Cir. 2001). Also, this District Court my have Jurisdiction in this criminal matter pursuant to 18 U.S.C. § 3231, which confers original Jurisdiction over all offense against the laws of the U.S. and more specifically 18 U.S.C. § 3583, which governs the authority of a Court to revok a term of supervised release. U.S. VS. GARRET, 253 F. 3d 443 (9th Cir. 2001).

Section 3553 (a)(4)(B) states that the Court shall consider the applicable sentencing commission guideline and policy statements in imposing sentence on or after September 13, 1994, for violation of probation and supervised release. UNITED STATES VS. JONES, 527 U.S. 373, 388-119 S. Ct. 2090 144 L. ED. 2d 370 (1999).

By comparison, after revocation of a supervised release Term, there is no provision for additional Post-Release supervision. See UNITED STATES VS. HONDRAS, 296, F 3d. 601, 602 (7th Cir. 2002). Although the United Sentencing Guidelines treatment of revocation of Supervised Release is advisory rather than mandatory, as noted previously, these policy statements are one of the factors the Court shall consider in addressing modification of supervised Release. UNITED STATES VS. MORALES ALEJO, 193 F. 3d, 1102, 1104 (9th Cir. 1999).

This Court originally impose a Three (3) years of supervised release, and it is well settled law that supervised Release constitutes punishment UNITED STATES VS. TINOSO, 327 F. 3d 864, 865 (9th Cir 2003). It is a deprivation of some portion of one's liberty imposed as a punitive measure for a bad Act. A Defendant on supervised release is subject to various terms and conditions which restrict his freedom and make him vulnerable to further punishment should he violate them. Such subsequent punishment may again include more imprisonment. UNITED STATES VS. SEGAL, 549 F2d 1293, 1298 (9th Cir 1977).

The Defendant has committed a class "C" felony, this Court Should determine whether to determinate, modify or revoke a defendant's term of supervised release, the Court is to consider factors including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the

sentence provide just punishment, deter others, protect the public, and assist the defendant, 18 U.S.C. § 3583 (a)(e), UNITED STATES VS. VARGAS, 115 F. Supp 2d 507 (E.D. Pa. 2000), congress has enumerated the District alternatives available to a U.S. District Court when revoking a term of supervised release. The alternatives operate separately and were not intended to be intermingled. UNITED STATES VS. VARGAS AMAYA, 389 F. 3d 901-907 (9th Cir. 2004). Under 18 U.S.C. § 3583, the Court should revoke defendant's term supervised release, if it finds by the preponderance of presented that the defendant violated a condition of his supervised release. The "preponderance" standard is satisfied in this context, when the Court, sitting as trier of fact, believes that the existence of a fact is more probable than its non-existence. UNITED STATES VS. RABE, 848 F. 2d 994, 997 (9th Cir 1988).

The Court appeals, found that notifying defendant's of their right to speak on their behalf is prudent before imposing a sentence upon revocation of supervised release. Given that the right of allocution is an important procedural guarantee for criminal defendant's. UNITED STATES VS. NEVILLE, 985 F. 2d 992, 994 (9th Cir. 1993). And also: U.S. VS. THOMPSON, 240 F. Supp. 2d 325 (E.D. Pa. 2003).

## "DUE PROCESS OF LAW"

Defendant request that revocation proceedings be subject to due process requirements because they result in a loss of liberty. See <u>UNITED STATES VS. ORTUNO HIGADERA</u>, 421 F. 3d 917-920-22 (9th Cir. 2005). <u>GAGNON VS. SCARPELLI</u>, 411 U.S. 778, 782, 93 S. Ct 1756, 1760, 36 L. Ed. 2d 656 (1973).

## "CONCLUSION"

WHEREFORE, for mentioned facts and case law argument, the defendant AMADO ANDAYA PENALOZA, prays and request from this Court that supervised release violation hearing be scheduled and also that a writ of ad Pro-Se, quendum be served, so defendant may speak prior to Court's decision.

Respectfully filed and submitted this 14th of November 2006.

*Amado Andaya*
AMADO ANDAYA PENALOZA
# 14510-006
N.E.O.C.C.
2240 HUBBARD ROAD
YOUNGSTOWN, OHIO 44505

## " CERTIFICATE OF SERVICE AND/OR MAILING "

I declare under penalty of perjury, that have Mailed a copy of motion to the following parties, Via First-Class Mail.

U.S. DISTRICT COURT
222 W. 7TH AVE. # 4
ANCHORAGE, AK 99513

*Amado Andaya*
AMADO ANDAYA PENALOZA
# 14510-006
N.E.O.C.C.
2240 HUBBARD ROAD
YOUNGSTOWN, OHIO 44505

( 6 )